**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| AMINA SHAHAM, | * | Civil Action No. |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| | * | |
| | * | |
| VERTRAX, INC., | * | FEBRUARY 9, 2021 |
| | * | |
| Defendant. | * | |
| | * | |

## COMPLAINT

The plaintiff, Amina Shaham ("Shaham" or "plaintiff"), by her counsel, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, complaining of the defendant herein, respectfully alleges as follows:

## NATURE OF THE CLAIMS

1.  This action is brought to remedy discrimination on the basis of disability, religion, national origin, and sex, sexual harassment causing a hostile work environment and negligent infliction of emotional distress, all impacting the terms and conditions of employment and retaliation for opposition to unlawful practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et. seq.* ("Title VII"), the Connecticut Fair Employment Practices Act ("CFEPA"), and the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, as well as any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2.  The Plaintiff seeks monetary relief including, but not limited to: back pay, front pay, compensatory damages, attorney's fees and the costs of this action, and any

{!02130680.DOC; v.}1

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1332, and supplemental jurisdiction based upon 28 U.S.C. § 1367.

4. This action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, the Connecticut Fair Employment Practices Act ("CFEPA"), and common law claims.

5. The plaintiff is a resident of the State of Texas.

6. The defendant is a Delaware corporation with a principal place of business in North Haven, Connecticut.

7. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that defendant is a Delaware corporation with a primary place of business located in North Haven, Connecticut, and substantial actions occurred in this district.

## EXHAUSTION OF REMEDIES

8. The Plaintiff filed a timely claim with the Connecticut Commission of Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission (EEOC).

9. The CHRO issued a Release of Jurisdiction October 5, 2020. (Exhibit A.)

10. The EEOC issued a Right to Sue letter on November 13, 2020. (Exhibit B.)

11. The plaintiff has commenced this lawsuit within ninety (90) days of the plaintiff's receipt of the Notice of Right to Sue letter and as a result, the plaintiff has fully

complied with the administrative pre-requisites of the ADA and all other applicable statutes.

12.  All conditions precedent to this lawsuit have been fulfilled.

## PARTIES

13.  The plaintiff, Amina Shaham ("Shaham") is a female resident of Texas.

14.  The defendant, Vertrax, Inc. ("Vertrax") is a Delaware corporation authorized to do business in Connecticut with a primary place of business located in North Haven, Connecticut.

15.  Vertrax purports to be the leading provider of Supply Chain Management solutions within the oil and gas bulk liquid distribution supply chain.

## FACTS

16.  Shaham began employment with Vertrax as a Logistics SAAS Consultant in February 2019.

17.  Vertrax employs at least 15 employees in the State of Connecticut.

18.  Shaham is of mixed national origin, with a primarily Arabic ethnicity and maternal European ancestry.

19.  She was raised in the United States and was baptized in the Catholic Church.

20.  However, she has since returned to her father's religion and her religion at birth, Islam, and actively identifies as Muslim.

21.  Shaham suffers from cancer and brain encephalopathy, as well as other medical conditions and informed Vertrax on numerous occasions of those diagnoses.

22. In December 2019, Beth Lampell, Vertrax's human resources director failed to invite Shaham to the company Christmas parties in Columbus, Ohio and New Haven, Connecticut despite the fact that all other employees, none of whom identify as Muslim were invited.

23. All other employees were invited and had travel, accommodations, and expenses paid for these parties.

24. On or about February 21, 2020, Rich Jaffee, Vertrax's disability program broker, released Shaham's confidential medical information to Beth Lampell.

25. Shaham complained about this to company officials, Vinnie Mullineaux, CEO, Chris Turcotte, Vice President, Kevin Jaffee, and Craig Balzer, Director of Sales.

26. Nothing was done about this violation of Shaham's confidential information.

27. On or about February 24, 2020, Beth Lampel harassed Shaham when she constantly texted her about medical documentation, commented about her "state" and "illness" and made derogatory comments about Shaham's medical condition.

28. Shaham was directed by Vinnie Mullineaux, as well as Craig Balzer, to educate and recruit various propane company owners to trial pilot Vertrax's sonar drive remote propane tank level monitors throughout the United States.

29. The purpose of the trial pilot of the remote propane level tank reader program was to allow the client the opportunity to test out the propane tank reading device to see if it was a good fit for their business and customers.

30. Shaham obtained 15 or more new pilot clients through the United States who agreed to trial 10 sonar monitors for 60 days, on their local propane tanks.

31. The 10 sonar monitors would need to be set on the tanks and set up monitoring completed to start the trials. At the same time, Shaham was responsible for training the client on the basic operation and configuration of the monitors.

32. On November 13, 2019, during Vertrax's annual company operations/sales conference, Vinnie Mullineaux told Shaham that she was not going to be allowed to go out to her pilot clients to deploy their trial monitors due to the fact that she "was a girl".

33. All of Shaham's male colleagues were allowed to go out to her client accounts to set up their monitors and train the client on the operational set up.

34. These statements were made to Shaham in the Vertrax conference room, in North Haven, in the presence of Craig Balzer, Kevin Jaffee, and Chris Turcotte.

35. The following male employees were sent to deploy monitors for Shaham's signed clients, Pat Halpin, Craig Balzer, Kevin Jaffee, and Chris Turcotte.

36. Shaham had previously, successfully, attended a propane conference in Texas as the only female SAAS Software Consultant to demonstrate and educate clients on Vertrax's various logistics software products.

37. In January 2020, Shaham informed Vertrax that she had a disability and needed to apply for short term disability.

38. Shaham was denied short term/long term disability benefits on May 28, 2020.

## COUNT ONE
### Discrimination in Violation of
### Americans with Disabilities Act, 42 U.S.C. § 12101

39. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

40. By the above acts and practices, Vertrax has discriminated against the plaintiff on the basis of her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, by terminating her employment while she as out of work on FMLA; by failing to offer Shaham an alternative position, even though she had been given clearance to return to work with no restrictions; and by forcing Shaham to apply for open positions as a new applicant to be considered with other outside candidates, and to begin the employment process all over again, even though she was qualified for said open positions and other employees, who were also laid off, were offered similar positions within the company and did not have their employment terminated and did not have to re-interview or re-engage in the hiring process.

41. Shaham has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT TWO
### Retaliation in Violation of
### Americans with Disabilities Act 42 U.S.C. § 12101

42. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

43. By terminating Shaham, Vertrax retaliated against her for the disabilities for which she suffered, and for which she was out of work on FMLA.

44. As a direct and proximate result of the conduct and acts of the defendant in violation of the Americans with Disabilities Act, the plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, including, but not limited to: loss of past and future income, wages, compensation, seniority, tenure and other benefits of employment, as well as, emotional distress and physical pain and suffering, for which she is entitled to an award of monetary damages and other equitable relief.

45. Vertrax engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

46. Shaham has incurred attorney's fees in pursuit of these claims.

## COUNT THREE
### Discrimination in Violation of the
### Connecticut Fair Employment Practices Act

47. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

48. By the above acts and practices, Vertrax has discriminated against the plaintiff on the basis of his disabilities in violation of the Connecticut Fair Employment Practice Act, by failing to provide reasonable accommodations and terminating his employment.

49. Shaham has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and

psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT FOUR
### Retaliation in Violation of the Connecticut Fair Employment Practices Act

50. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

51. By terminating Shaham, Vertrax retaliated against her for requesting reasonable accommodations for the disabilities for which he suffered.

52. As a direct and proximate result of the conduct and acts of the defendant in violation of the Connecticut Fair Employment Practices Act, the plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, including, but not limited to: loss of past and future income, wages, compensation, seniority, tenure and other benefits of employment, as well as, emotional distress and physical pain and suffering, for which she is entitled to an award of monetary damages and other equitable relief.

53. Vertrax engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

54. Shaham has incurred attorney's fees in pursuit of these claims.

## COUNT FIVE
### Negligent Infliction of Emotional Distress

53. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated.

54. Defendant knew or should have known that its conduct in subjecting the plaintiff to a hostile work environment an unreasonable risk of causing severe emotional

distress to the plaintiff and that such distress might result in illness or bodily harm and terminating her in the manner herein.

55. Shaham's emotional distress was foreseeable and reasonable in light of the Defendant's conduct.

56. Shaham's emotional distress was severe enough that it caused illness for which Shaham sought medical treatment.

57. Vertrax's conduct was the cause of Shaham's distress.

58. As a result of the defendant's acts, the plaintiff has suffered severe emotional distress.

## COUNT SIX
## Negligent Misrepresentation

59. The allegations of paragraphs 1 through 38 are repeated and re-alleged as if set forth fully herein.

60. Vertrax's policies required that it consider Shaham's requests for accommodation and take reasonable steps to accommodate his disability.

61. Shaham relied on those policies in reaching out to her supervisor and to human resources regarding her disability.

62. Vertrax knew or should have known the representations in its policies were false.

63. Shaham suffered pecuniary loss as a result of her reliance on that misrepresentation.

## COUNT SEVEN
### Discrimination in Violation of CFEPA

64. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

65. By the above acts and practices, Vertrax has discriminated against the plaintiff on the basis of her gender in violation of the Connecticut Fair Employment Practices Act by restricting her from visiting customers and terminating her.

66. Shaham has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT EIGHT
### Retaliation in Violation of CFEPA

67. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

68. By terminating Shaham, Vertrax retaliated against her for requesting reasonable accommodations for the disabilities for which she suffered.

69. As a direct and proximate result of the conduct and acts of the defendant in violation of the Connecticut Fair Employment Practices Act, the plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, including, but not limited to: loss of past and future income, wages, compensation, seniority, tenure and other benefits of employment, as well as, emotional distress and physical pain and suffering, for which she is entitled to an award of monetary damages and other equitable relief.

70. Vertrax engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

71. Shaham has incurred attorney's fees in pursuit of these claims.

## COUNT NINE
### Discrimination in Violation of the
### Title VII of 1964 Civil Rights Act

72. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

73. By the above acts and practices, Vertrax has discriminated against the plaintiff on the basis of her gender in violation of Title VII by restricting her from visiting customers and terminating her.

74. Shaham has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT TEN
### Retaliation in Violation of The
### Americans with Disabilities Act

75. Shaham re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully stated herein.

76. By terminating Shaham, Vertrax retaliated against her for requesting reasonable accommodations for the disabilities for which she suffered.

77. As a direct and proximate result of the conduct and acts of the defendant in violation of the Americans with Disabilities Act, the plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary

and/or economic harm, including, but not limited to: loss of past and future income, wages, compensation, seniority, tenure and other benefits of employment, as well as, emotional distress and physical pain and suffering, for which she is entitled to an award of monetary damages and other equitable relief.

78. Vertrax engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

79. Shaham has incurred attorney's fees in pursuit of these claims.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Award compensatory and punitive damages as allowed by statute;

2. Award attorney's fees and costs, including expert witness expenses;

3. Grant plaintiff a trial by jury; and

4. Grant such other and further relief as may be just and equitable.

> PLAINTIFF,
> AMINA SHAHAM
>
> BY: /s/ *Theodore W. Heiser* (ct 23807)
> Theodore W. Heiser, ct23807
> Suisman, Shapiro, Wool, Brennan,
> Gray & Greenberg, P.C.
> 2 Union Plaza, Suite 200
> P.O. Box 1591
> New London, CT 06320
> Tele. No.: (860)442-4416
> Fax No.: (860) 442-0495
> Email: theiser@sswbgg.com
> Her Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| AMINA SHAHAM, | * | Civil Action No. |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| | * | |
| | * | |
| VERTRAX MANAGEMENT ASSOCIATES II, LLC, | * | FEBRUARY 9, 2021 |
| | * | |
| | * | |
| Defendant. | * | |

## JURY TRIAL CLAIM

The plaintiff, Amina Shaham, claims a trial by jury on all claims triable by jury.

PLAINTIFF,
AMINA SHAHAM

BY:/s/ *Theodore W. Heiser* (ct23807)
Theodore W. Heiser, ct23807
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.: (860) 442-0495
Email: theiser@sswbgg.com
Her Attorney